UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT WILLIE JOHNSON,

                Plaintiff,

-against-

LEWISBURG UNITED STATES
PENITENTIARY, et al.,

                Defendants.

---

ROBERT WILLIE JOHNSON,

                Plaintiff,

-against-

GEOFFREY J.L. BROWN, et al.,

                Defendants.

---

1:26-CV-2723 (LTS)

1:26-CV-2832 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Robert Willie Johnson, a federal prisoner who is currently held in the Devins Federal Medical Center located in Ayers, Massachusetts ("FMC Devins"), and who appears *pro se*, filed both of these actions while he was held in the federal prison formerly known as the United States Penitentiary located in Lewisburg, Pennsylvania ("USP Lewisburg").[1] In both complaints commencing these actions, Plaintiff seeks damages, his immediate release from

---

[1] That federal prison is currently known as the Federal Correctional Institution located in Lewisburg, Pennsylvania ("FCI Lewisburg"). In one of his complaints commencing these civil actions, Plaintiff refers to a federal criminal action of his that is pending in the United States District Court for the Northern District of New York. (ECF 1:26-CV-2832, 1, at 3.) The Court notes that, in an amended Northern District of New York order, dated March 23, 2026, that court held that Plaintiff was currently incompetent to stand trial in his pending federal criminal matter. *United States v. Johnson*, 5:25-MJ-0236 (N.D.N.Y. Mar. 23, 2026). That court also directed that Plaintiff be committed to a mental-health facility for further evaluation and treatment "to determine whether [he] will attain the capacity to permit [his pending federal criminal] proceedings to go forward." *Id.* That court further ordered that Plaintiff's period of commitment not exceed four months. *Id.*

confinement, the dismissal of the federal criminal charges brought against him, and other injunctive relief. (ECF 1:26-CV-2723, 1, at 6; ECF 1;26-CV-2832, 1, at 4.) Plaintiff seeks to proceed *in forma pauperis* ("IFP") with respect to both of these actions. (ECF 1:26-CV-2723, 2; ECF 1:26-CV-2832, 2.)

On July 10, 2020, in a now-closed action, Plaintiff was barred from filing future civil actions in this court IFP without first obtaining from the court leave to file. *See Johnson v. O'Hagan Wolfe*, ECF 1:19-CV-7337, 8 (S.D.N.Y. July 10, 2020), *appeal dismissed*, No. 21-299 (2d Cir. July 15, 2021).

The Court understands Plaintiff's claims in which he seeks his immediate release from custody and the dismissal of the federal criminal charges against him as claims for *habeas corpus* relief under 28 U.S.C. § 2241. Because the July 10, 2020 filing injunction does not apply to any of Plaintiff's claims for *habeas corpus* relief, the Court grants Plaintiff IFP status as to those claims raised in both of these actions. The injunction does apply, however, to Plaintiff's remaining civil claims in both of these actions. For the reasons discussed below, the Court dismisses Plaintiff's claims for Section 2241 *habeas corpus* relief in both of these actions for lack of jurisdiction and without prejudice, denies Plaintiff IFP status with respect to his remaining civil claims in both of these actions, and also dismisses those claims without prejudice.

**DISCUSSION**

**A.    *Habeas corpus* relief**

The Court lacks jurisdiction to consider Plaintiff's claims for *habeas corpus* relief under 28 U.S.C. § 2241. Generally, in order to entertain a claim for *habeas corpus* relief under Section 2241, a court must have jurisdiction over the person who has custody of the person seeking such relief, *see Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95 (1973), who is

usually the warden of the facility in which the person seeking such relief is held or some other official who has direct control over the custody of the person seeking such relief, *see Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) ("[T]he District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release.") Thus, jurisdiction to consider a Section 2241 *habeas corpus* challenge to a federal prisoner's physical confinement generally lies in the United States District Court for the federal judicial district where that person is confined at the time of filing. *See id.* at 442; *Ozturk v. Hyde*, 136 F.4th 382, 391 (2d Cir. 2025).

Plaintiff commenced both of these civil actions by filing his complaints while he was held in FCI Lewisburg, formerly known as USP Lewisburg, which is located in the Middle District of Pennsylvania, not in this judicial district.[2] This court, therefore, lacks jurisdiction to consider any of Plaintiff's claims in which he challenges his confinement. The Court also notes that Plaintiff is currently held in FMC Devins, which is located in the District of Massachusetts. The Court does not believe that it would be in the interest of justice to sever and transfer these claims to another federal district court. Accordingly, the Court dismisses the claims for Section 2241 *habeas corpus* relief in both of these actions for lack of jurisdiction, but without prejudice to the filing of the claims in an appropriate court in the judicial district where he is confined.[3] *See* 28 U.S.C. §§ 1406(a), 1631.

---

[2] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

[3] Under the gatekeeping provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a *habeas corpus* petitioner must obtain authorization from the appropriate Court of Appeals before filing a second or successive *habeas corpus* petition. *See* 28 U.S.C. § 2244(b)(3)(A). Because conversion of a submission into a Section 2241 *habeas corpus* petition may restrict a litigant's future attempts to seek *habeas corpus* relief, federal district courts must

**B.      Remaining civil claims**

Plaintiff seeks IFP status to proceed with his remaining civil claims in both of these actions, but he has not sought leave from the court to file such claims, as required by the court's July 10, 2020 order in *Johnson*, ECF 1:19-CV-7337, 8. The Court therefore denies Plaintiff IFP status as to the remaining civil claims in both of these actions and dismisses them without prejudice due to Plaintiff's failure to comply with the court's July 10, 2020 order in *Johnson*, ECF 1:19-CV-7337, 8.

### CONCLUSION

The Court dismisses these actions. The Court treats Plaintiff's claims in which he seeks his immediate release from custody and the dismissal of the federal criminal charges against him as claims for *habeas corpus* relief under 28 U.S.C. § 2241. Because the filing injunction issued against Plaintiff pursuant to the court's July 10, 2020 order in *Johnson*, ECF 1:19-CV-7337, 8, does not apply to any of his claims for *habeas corpus* relief, the Court grants Plaintiff IFP status as to those claims raised in both of these actions. The injunction does apply, however, to Plaintiff's remaining civil claims in both of these actions.

The Court dismisses Plaintiff's claims for Section 2241 *habeas corpus* relief in both of these actions for lack of jurisdiction and without prejudice. With respect to the remaining civil claims in both of these actions, the Court denies Plaintiff IFP status and dismisses such claims

---

normally give a *pro se* litigant notice and an opportunity to withdraw the submission before a court recharacterizes it as a Section 2241 petition. *See Simon v. United States*, 359 F.3d 139, 144 (2d Cir. 2004). Here, however, giving Plaintiff notice and granting him an opportunity to withdraw is unnecessary because the Court's dismissal of his claims for *habeas corpus* relief without prejudice does not trigger the AEDPA's restrictions on second or successive petitions. *See Slack v. McDaniel*, 529 U.S. 473, 489 (2000).

without prejudice due to Plaintiff's failure to comply with the court's July 10, 2020 order in *Johnson*, ECF 1:19-CV-7337, 8.

Because Plaintiff has not made a substantial showing of the denial of a constitutional right, certificates of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to issue a judgment dismissing both of these actions for the reasons set forth in this order and also denying certificates of appealability.

SO ORDERED.

Dated:    May 26, 2026
          New York, New York

                                 /s/ Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                                 Chief United States District Judge

5